2024 IL App (1st) 221486-U

No. 1-22-1486

Order filed February 8, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JACQUELINE BRACKETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 108872 |
| | ) | |
| KEVIN TYLER, | ) | Honorable |
| | ) | Patricia M. Fallon, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse the trial court's order denying plaintiff tenant's petition for reasonable attorney fees for litigating defendant landlord's postjudgment motions to vacate.

¶ 2    Plaintiff tenant Jacqueline Brackett prevailed at trial against defendant landlord Kevin Tyler in her action under the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12-010 (amended Mar. 31, 2004) *et seq.*). The circuit court awarded her a monetary judgment and granted her petition for attorney fees under the RLTO. It denied her

subsequent petition seeking attorney fees relating to her successful defense against defendant's postjudgment motions to vacate the judgment. Plaintiff appeals, arguing that pursuant to *Trutin v. Adam*, 2016 IL App (1st) 142853, she is entitled to reasonable attorney fees and costs under the RLTO for opposing defendant's postjudgment motions, and for pursuing this appeal. For the following reasons, we reverse.

¶ 3    The record on appeal does not contain a report of proceedings. The following facts are drawn from the common-law record.

¶ 4    On May 1, 2020, plaintiff filed a three-count verified statutory action complaint against defendant, her former landlord, under the RLTO. She alleged he violated the RLTO by failing to pay her appropriate interest on her security deposit (count I) and by failing to return her security deposit (count II), and that his failure to return the security deposit was a breach of contract (count III). Pursuant to the RLTO, plaintiff requested her $850 security deposit plus damages of $1700, interest, and reasonable attorney fees and costs. See Chicago Municipal Code § 5-12-080(f)(1) (amended July 28, 2010) (where landlord fails to pay interest on security deposit or return security deposit, tenant shall be awarded damages equal to two times the security deposit, plus interest).

¶ 5    On May 26, 2021, following a trial, the court entered a judgment in favor of plaintiff, awarding her $2550 plus .01% interest and reasonable attorney fees and costs. On September 30, 2021, the court granted plaintiff's petition for fees and costs under the RLTO and awarded her $8302.50.

¶ 6    On June 10, 2022, defendant, by counsel, filed a motion to vacate judgment, citing section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). Defendant named the attorney fees award as the judgment being attacked, but the content of the motion is

directed to the merits of plaintiff's underlying RLTO action. On June 17, 2022, defendant refiled the motion. Plaintiff filed a response.

¶ 7     On July 21, 2022, the court granted defendant's counsel's motion for leave to withdraw as counsel and to withdraw defendant's motion to vacate, following a hearing at which plaintiff's counsel appeared. On August 16, 2022, defendant filed a *pro se* motion to vacate judgment, requesting "relief of judgement" and again challenging the merits of plaintiff's RLTO action. Following a hearing on August 31, 2022, at which defendant and plaintiff's counsel appeared, the court denied the motion.

¶ 8     Also on August 31, 2022, plaintiff filed a motion for reasonable attorney fees under the RLTO for opposing defendant's motions to vacate, citing *Trutin*. Plaintiff sought $1800 and attached an itemization of the time her counsel spent defending the motions. On September 15, 2022, the court denied plaintiff's motion. The court's order indicates that plaintiff's counsel and defendant were present, and the court heard arguments and objections from both parties.

¶ 9     Plaintiff now appeals. She argues that, pursuant to *Trutin*, she is entitled to reasonable attorney fees and costs under the RLTO for opposing defendant's postjudgment motions. She also requests reasonable attorney fees and costs incurred in pursuing this appeal. Defendant failed to file a response brief within the time provided by our supreme court rules (see Ill. S. Ct. R. 343(a) (eff. July 1, 2008)), and we ordered the case taken for consideration on the record and plaintiff's brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 10     Whether the RLTO entitles plaintiff to reasonable attorney fees for defending against defendant's postjudgment motions is a question of law we review *de novo*. *Trutin*, 2016 IL App

(1st) 142853, ¶ 30; see also *Shoreline Towers Condominium Ass'n v. Gassman*, 404 Ill. App. 3d 1013, 1024 (2010) (whether a statute requires an award of attorney fees is reviewed *de novo*, while the amount of an attorney fee award is reviewed for an abuse of discretion).

¶ 11    The RLTO provides that "the prevailing plaintiff" in an action under the RLTO "shall be entitled to all court costs and reasonable attorney's fees," subject to exceptions inapplicable here. Chicago Municipal Code § 5-12-180 (added Nov. 6, 1991). The RLTO further provides that it is to be " 'liberally construed and applied to promote its purposes and policies.' " *Trutin*, 2016 IL App (1st) 142853, ¶ 33 (quoting Chicago Municipal Code § 5-12-010 (amended Mar. 31, 2004)). In *Trutin*, this court therefore extended the fee-shifting provision to an RLTO plaintiff who, as here, prevailed at trial, then successfully defended a petition brought under section 2-1401 of the Code, and was denied reasonable attorney fees and costs for defending against the postjudgment petition. *Id.* ¶¶ 30-43.

¶ 12    This court noted "[t]he fee-shifting provision in the RLTO applies to 'any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance.' " *Id.* ¶ 32 (quoting Chicago Municipal Code § 5-12-180 (added Nov. 6, 1991)). The RLTO was "intended to give tenants an incentive to pursue cases that otherwise would not be worth the cost of litigation, and lawyers an incentive to take those cases." *Id.* ¶ 40. "It [was] clear to us, from the language and stated purpose of the RLTO, that it was the intent of the Chicago City Council that *any* litigation related to the RLTO action would fall within the confines of the fee-shifting provision." (Emphasis in original.) *Id.* Denying fees for successfully defending a section 2-1401 petition directed against an RLTO judgment would conflict with that intention. *Id.*

¶ 13    Further, although the section 2-1401 petition technically initiated a separate action, it was directed at the RLTO judgment, and the plaintiff was "the same person fighting to vindicate the same claim." *Id.* This court analogized the issue to other contexts where a party who prevails at trial and successfully defends their victory against postjudgment motions or on appeal is entitled to reasonable fees and costs. *Id.* ¶¶ 35-37. We concluded the plaintiff was "entitled to court costs and reasonable attorney fees under the RLTO for work performed in opposing the landlords' section 2-1401 petition," as well as in pursuing her cross-appeal to obtain that relief. *Id.* ¶¶ 43-47.

¶ 14    Here, the record establishes that plaintiff prevailed in an action under the RLTO and successfully defended the judgment against two postjudgment attacks. Defendant's June 10, 2022, counseled motion explicitly invoked section 2-1401 of the Code. Defendant's August 16, 2022, *pro se* motion did not, but it nevertheless requested "relief of judgement," similar language to that utilized in section 2-1401. See 735 ILCS 5/2-1401 (West 2022) (providing for petitions for "[r]elief from final orders and judgments"). As in *Trutin*, both motions were directed against the judgment plaintiff won in her RLTO action and plaintiff was the same person fighting to vindicate the same claim. Following *Trutin*, the court erred in denying plaintiff attorney fees and costs for defending against the motions to vacate.

¶ 15    As noted, the record on appeal does not contain any reports of proceedings, including the September 15, 2022, hearing at which the court denied plaintiff's motion. Nor does it contain an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). Illinois Supreme Court Rules 321 and 323 provide that the record on appeal shall contain a report of proceedings including "all the evidence pertinent to the issues

on appeal." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323(a) (eff. July 1, 2017). It was plaintiff's burden, as the appellant, "to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).

¶ 16    In the absence of a complete record, we must generally presume the trial court's decision conformed with the law and had a sufficient factual basis, and construe against the appellant any doubts arising from the incompleteness of the record. *Id.* at 392. However, as the issue here is subject to *de novo* review, the absence of a transcript does not preclude our review. See *Beck v. DayOne PACT*, 2023 IL App (1st) 221120, ¶ 29 (report of proceedings is unnecessary to review issue under *de novo* standard as under that standard "we review the circuit court's judgment, not the reasons for its judgment"). As discussed, plaintiff has submitted a record which supports her contentions and established error.

¶ 17    Accordingly, we reverse the circuit court's order denying plaintiff's petition for reasonable attorney fees and remand for further proceedings consistent with this order.

¶ 18    Plaintiff has requested attorney fees and costs incurred in prosecuting this appeal. This court noted in *Trutin* that "where a statute provides for the award of attorney fees and costs in prosecuting an action, the cost of presenting and litigating the fee petition itself is likewise recoverable." *Trutin*, 2016 IL App (1st) 142853, ¶ 45. Therefore, as the RLTO was to be liberally construed and provided the plaintiff was entitled to " '*all* court costs and reasonable attorney's fees' " (emphasis added), this court found the plaintiff was entitled to costs and attorney fees incurred by her cross-appeal stemming from the fee petition's denial. *Id.* ¶ 46 (quoting Chicago Municipal Code § 5-12-180 (added Nov. 6. 1991)). Plaintiff here is likewise entitled to reasonable attorney fees and costs for litigating this appeal, and on remand may file a petition seeking them.

See *id.* ¶¶ 47, 49 (remanding claim for court costs and attorney fees related to appellate work for circuit court's initial review).

¶ 19    For the foregoing reasons, the judgment of the circuit court of Cook County is reversed. On remand, the circuit court shall permit plaintiff to file petitions for court costs and reasonable attorney fees for work performed on the defendant's motions to vacate and on this appeal.

¶ 20    Reversed and remanded.